IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                          :        CASE NO. 04-13171

                                                :

CARMEN A. ORTIZ,                                :        CHAPTER 7    **FILED & ENTERED**

                                                :

       Debtor                                   :                    **OCT 0 5 2005**

_____                 :

                    **OPINION AND ORDER**              U.S. BANKRUPTCY COURT
                                                       SAN JUAN, PUERTO RICO

       Before the court is the trustee's objection to the debtor's claimed exemption for

real and personal property pursuant to Texas law.  For the reasons set forth below, the

trustee's objection is granted.

                              **Background**

       Debtor, Carmen A. Ortiz, filed a petition under chapter 7 of the Bankruptcy Code

on December 28, 2004.  The petition lists debtor's street address as one in Fort Worth,

Texas, and her mailing address as one in Carolina, Puerto Rico.  In the section regarding

"venue", debtor checks that she "has been domiciled or has had a residence, principal

place of business, or principal assets in this District for 180 days immediately preceding

the date of this petition or for a longer part of suck 180 days than in any other District."

Her schedules list $80,000.00 in real property and $3,975.00 in personal property.  The

schedules also indicate there are no secured or priority claims, and $41,830.74 in

unsecured claims.

       In her "Schedule C - Property Claimed as Exempt", debtor elected an exemption

under 11 U.S.C. § 522 (b)(2), detailed as "[e]xemptions available under applicable

nonbankruptcy federal laws, state or local law where the debtor's domicile has been

located for the 180 days immediately preceding the filing of the petition, or for a longer

portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law." Debtor claims as exempt a house valued at $80,000.00 pursuant to Tex. Const. art. 16, § 50, and personal property valued at $3,975.00 pursuant to Tex. Prop. Code § 42.001(a)(2) and § 42.002(a). On Schedule F, debtor lists as unsecured creditors eight different financial institutions for credit cards debts totaling $41,830.74.

The trustee filed an objection to claimed exemptions on February 25, 2005, arguing that, as a resident of Puerto Rico, the debtor could not claim exemptions under Texas law (dkt. #4). The court entered an order on April 7, 2005, granting the objection as unopposed (dkt. #6).

On April 13, 2005, the debtor filed a motion to vacate the order, arguing that she was not notified of the trustee's objection and that the same did not appear on the court's docket of this case as of the date of the filing of her motion to vacate (dkt. #8). On June 2, 2005, the court entered an order granting the motion to vacate, but directing the debtor to monitor CM/ECF and not PACER.

The trustee filed another (identical) objection to debtor's claimed exemptions on June 20, 2005 (dkt. #11). The debtor filed an opposition to the trustee's objection on July 7, 2005 (dkt. #12).

The debtor argues that she is a domiciled resident of the state of Texas, where she established a homestead with her husband; that upon his death and the probation of his estate she decided to move to Puerto Rico; that her only income is from Social Security

2

and the pension of her husband from American Airlines; that her only debts are credit card debts of her husband from creditors that are not from either Texas or Puerto Rico; and that the real property she owns in Texas is fully exempt pursuant to Article 16 § 50 of the Constitution of the State of Texas and her personal property is exempt pursuant to the "Texas Property Code"[1].

The trustee's motions do not provide any legal basis for his objection to the debtor's claimed exemptions. The debtor argues that she should be allowed to filed her bankruptcy petition in the district where its filing and prosecution will be the most economical and convenient for her. She further argues that pursuant to 11 U.S.C. § 522(b)(2)(A) and (d), she should be allowed to choose the exemptions under the Bankruptcy Code or the exemptions under the "applicable state law to which she might be entitled". According to the debtor, she may claim a homestead exemption on a residence outside the state where the petition is filed, especially where no lien holders are involved. Debtor points out that none of her unsecured creditors have objected to the claimed exemptions, that the trustee has the burden of proof to establish his objection to her claimed exemption, and that the availability of exemptions should be liberally construed in favor of the debtor to fulfill the bankruptcy purpose of obtaining a "fresh start".

### Discussion

Section 522(b) of the Bankruptcy Code provides for the debtor to exempt certain property from the estate and from creditor's claims. Subsection (d) sets forth the

---

[1]Debtor does not cite to a particular section of Texas law.

3

categories of property that the debtor may claim as exempt, such as real property, personal property, a motor vehicle and household furnishings, and in what amount. Subsection (b) provides that states can "opt out" of the Code's exemption arrangement, thereby limiting citizens of that state to the exemptions available under state and non-bankruptcy federal law. Neither Texas nor Puerto Rico have "opted out"; therefore, debtor may choose between the § 522(d) exemptions or state exemptions.

Section 522(b)(2)(A) provides that a debtor may exempt property "that is exempt under State or local law that is applicable <u>on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place</u>" (emphasis ours). It has been noted that "[t]he law of the debtor's domicile, for purposes of section 522, may be different from the law of the forum, as when the debtor's place of business or residence is in one state and the domicile is in another." 4 Lawrence P. King, <u>Collier on Bankruptcy</u> ¶ 522.06 (15th ed. rev'd 2005). The commentator continues, "[i]n such cases, the court must give effect to those exemptions allowed the debtor by the law of the state of domicile, and it makes no difference where the property is situated or where the petition initiating a case under title 11 is filed, so long as the property is exempt under the law of the domiciliary state." <u>Id</u>. at pp. 522-34, 35.

"Domicile" is "the place at which a person is physically present and that the person regards as home; a person's true, fixed, principal, and permanent home, to which that person intends to return and remain even though currently residing elsewhere."

4

Black's Law Dictionary p. 501 (7th ed. 1999). Further,

> Domicile, as interpreted with regard to conflicts of law, means actual residence coupled with a present intention to remain there. It is the place where one intends to return when one is absent and where one's political rights are exercised. Mere physical removal to another jurisdiction, without the requisite intent is insufficient to effect a change of domicile. The fact that the debtor, therefore, has resided elsewhere during the 180-day period will not defeat the applicability of the law of the state wehre the debtor keeps the principal home.

Collier, id. at 523-34.

The representations in debtor's opposition to the trustee's objection to her claimed exemptions indicate that her domicile is in Puerto Rico; to wit:

1. "Debtor had been a domiciled resident of the State of Texas...." (Emphasis ours).
2. "[S]he began exploring the idea of moving back to Puerto Rico...."
3. "Once she decided to move back to Puerto Rico she understood that she would have to either rent and eventually sell her Texas home to acquire new living quarter in Puerto Rico." [sic]
4. "Since most of her debts where [sic] not from Texas and her source of income was not from Texas and her source of income was not from Texas and she intended to return to Puerto Rico she filed a petition under Chapter 7 at the Bankruptcy Court for the District of Puerto Rico." (Emphasis ours.)
5. "Since debtor would be moving to Puerto Rico ...." (Emphasis ours.)

See dkt. #12. Accordingly, since by her own admittance the debtor intends to permanently reside in Puerto Rico, and since she indicated on the first page of her voluntary petition that she had been domiciled or has had a residence in this district (Puerto Rico) for 180 days immediately preceding the date of the filing of the petition or for a longer part of such 180 days than in any other District, the court concludes that at the time of the filing of the petition the debtor's domicile was in Puerto Rico. Therefore,

5

her domicile was not in Texas and she may not claim the property exemptions provided for by Texas law.

### Conclusion

Debtor's domicile at the time of the filing of the bankruptcy petition was in Puerto Rico; accordingly, she may not claim property exemptions provided for by Texas law pursuant to 11 U.S.C. § 522(b)(2). The trustee's objection to claimed exemptions is therefore granted.

SO ORDERED.

In San Juan, Puerto Rico, this 28th day of September, 2005.

_____
ENRIQUE S. LAMOUTTE
United States Bankruptcy Judge

6